UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>      Plaintiff,<br><br>   v.<br><br>GUTIERREZ,<br><br>      Defendant. | Case No. 23-cv-06311-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND; DENYING AS MOOT REQUESTS TO CORRECT DATE OF COMPLAINT**<br><br>Re: Dkt. Nos. 8, 12 |

Plaintiff, an inmate currently housed at Valley State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") officer Gutierrez. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's amended complaint, Dkt. No. 9.[1] Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

---

[1] Plaintiff's initial complaint was not screened because he filed an amended complaint prior to this action being reassigned to the undersigned. *See* Dkt. Nos. 1, 10. However, the initial complaint differs from the amended complaint in only one aspect – the relevant date has been corrected to December 6, 2022 in the amended complaint. *Compare* Dkt. No. 1 at 3 *with* Dkt. No. 9 at 3.

 Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Operative Complaint**

The amended complaint is the operative complaint. The complaint names Salinas Valley State Prison correctional officer Gutierrez as a defendant.[2] The complaint is hard to follow, with some of it written in sentence fragments. The complaint is confusing as to when the listed events happen. The events are not presented in chronological order, and it is unclear how much time elapsed between the various events. The complaint appears to make the following factual allegations. On June 27, 2014, Plaintiff was assaulted at Mule Creek State Prison. In or around 2015, Plaintiff filed *Sekona v. Custino* ("*Custino*"), regarding this assault. At some point, Plaintiff was transferred to Salinas Valley State Prison ("SVSP"). At SVSP, Plaintiff was housed in Cell No. 136 with a cellmate that smoked marijuana. The secondhand smoke generated by Plaintiff's cellmate caused Plaintiff to be sent to the hospital three times between April 2022 to June 2022 for blood "donix." Plaintiff was transferred to Cell No. 118. However, because Plaintiff and

---

[2] In his requests to correct the date listed in the complaint, Plaintiff identifies defendant Gutierrez as working at Solano State Prison. *See, e.g.*, Dkt. Nos. 8, 12. If the amended complaint has incorrectly identified defendant Gutierrez's place of employment, Plaintiff should promptly inform the Court as to defendant Gutierrez's correct place of employment so that defendant Gutierrez may be properly served.

1   defendant Gutierrez were often engaged in verbal conflict and because defendant Gutierrez favors
2   Latino inmates, defendant Gutierrez assigned a 300-lb inmate who also smoked marijuana as
3   Plaintiff's cellmate for Cell No. 118 in order to harm Plaintiff.  Plaintiff refused to be housed with
4   the 300-lb inmate.  When Plaintiff requested to be transferred to a safety cell, defendant Gutierrez
5   denied the request because of his personal bias and because he is not fair.  Plaintiff filed a
6   grievance against defendant Gutierrez.  In response, defendant Gutierrez issued Plaintiff a rules
7   violation report for refusing the assigned cellmate.  On or about December 4, 2022, Plaintiff
8   prepared the final status report for *Custino*.  On December 6, 2022, Plaintiff handed this status
9   report to defendant Gutierrez to be mailed to the courts.  Defendant Gutierrez signed for the legal
10  mail but did not log the mail in the logbook.  This legal mail never made it to the court, and
11  *Custino* was dismissed for failing to file the required status report.  Plaintiff alleges that defendant
12  Gutierrez destroyed his legal mail.  Plaintiff alleges that defendant Gutierrez's actions violate the
13  First Amendment, the Eighth Amendment, and the Fourteenth Amendment.
14          Liberally construed, the amended complaint's allegations that Plaintiff handed defendant
15  Gutierrez legal mail on or about December 6, 2022; that defendant Gutierrez did not log the mail
16  in the logbook; that the legal mail was never sent out and never reached the courts, and that
17  Plaintiff's case was dismissed as a result states a cognizable First Amendment claim for denial of
18  access to the courts and denial of his right to send out mail.  *See Silva v. Di Vittorio*, 658 F.3d
19  1090, 1102 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d
20  1202, 1209 n.6 (9th Cir. 2015) ("prisoners have a right under the First and Fourteenth
21  Amendments to litigate claims challenging their sentences or the conditions of their confinement
22  to conclusion without *active interference* by prison officials." (emphasis in original); *see id.* at
23  1103-04 (reversing district court and finding cognizable denial of access to courts claim based on
24  prisoner's allegations that he was repeatedly transferred between different facilities in order to
25  hinder his ability to litigate his pending civil lawsuits, prison officials seized and withheld all his
26  legal files, and as a result of such actions several of his pending suits were dismissed); *see*
27  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (prisoners enjoy First Amendment right to send
28  and receive mail).

However, the amended complaint fails to state claims for excessive punishment under the Eighth Amendment, or for denial of equal protection under the Fourteenth Amendment, or for retaliation under the First Amendment. Although the amended complaint lists constitutional provisions at the top of two of the claim pages, Dkt. No. 9 at 3, 5, the amended complaint either fails to identify what action violated the listed constitutional provisions, and/or relies on conclusory allegations. The Court dismisses these claims with leave to amend.

To assist Plaintiff in preparing an amended complaint, the Court reviews the following legal principles.

**Eighth Amendment Claim.** The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-37 & n.4; *see also Estelle*, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837.

**Fourteenth Amendment Equal Protection Claim.** A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of

4

discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

**First Amendment Retaliation Claim.** "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

**Pleading Requirements**. As discussed above, while Fed. R. Civ. P. 8 does not require detailed factual allegations, a pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Ashcroft*, 556 U.S. at 677–78.

**C.      Requests to Correct the Date Listed in Complaint (Dkt. Nos. 8, 12)**

Plaintiff has filed two requests to correct the dates of the events listed in the complaint from 2021 to 2022. Dkt. Nos. 8, 12. These requests are DENIED as moot because the amended complaint correctly lists the events as happening in 2022. *See* Dkt. No. 9.

**CONCLUSION**

For the reasons set forth above, the Court orders as follows.

1.      The following defendant(s) shall be served: Salinas Valley State Prison correctional officer Gutierrez.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form, a summons, and a consent or declination to magistrate judge jurisdiction form. The Clerk also shall serve a copy of this order on the Plaintiff.

1      No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.      The complaint states a cognizable First Amendment claim against defendant Gutierrez and Muniz for denial of access to the courts and denial of Plaintiff's right to send mail.

3.      The remaining claims are DISMISSED with leave to amend.  Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the deficiencies identified above.  The amended complaint must include the caption and civil case number used in this order, Case No. C 23-06311 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claim found cognizable above and the defendant served above.  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in this action proceeding solely on the First Amendment claims found cognizable above.  The Clerk shall include two copies of the court's complaint form with a copy of this order

to Plaintiff.

4. The Court DENIES as moot Plaintiff's requests to correct the dates of the events listed in the complaint from 2021 to 2022. Dkt. Nos. 8, 12.

5. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this order is filed, Defendant(s) must file and serve a motion for summary judgment or other dispositive motion. If Defendant(s) is(are) of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[3]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

6. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is

---

[3] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
2  makes a motion for summary judgment that is properly supported by declarations (or other sworn
3  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
4  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
5  as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
6  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
7  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
8  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*
9  *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does
10 not excuse Defendants' obligation to serve said notice again concurrently with a motion for
11 summary judgment.  *Woods*, 684 F.3d at 939).

12      7.      All communications by Plaintiff with the Court must be served on Defendants'
13 counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard
14 any document which a party files but fails to send a copy of to his opponent.  Until Defendants'
15 counsel has been designated, Plaintiff may mail a true copy of the document directly to
16 Defendants but once Defendants are represented by counsel, all documents must be mailed to
17 counsel rather than directly to Defendants.

18      8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
19 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
20 before the parties may conduct discovery.

21      9.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
22 Court informed of any change of address and must comply with the Court's orders in a timely
23 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
24 to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
25 pending case every time he is moved to a new facility.

26      10.     Any motion for an extension of time must be filed no later than the deadline sought
27 to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that
28 he must include the case name and case number for this case on any document he submits to the

Court for consideration in this case.

    This order terminates Dkt. Nos. 8, 12.

    **IT IS SO ORDERED.**

Dated: 6/14/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge