UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>   Plaintiff,<br><br>   v.<br><br>GUTIERREZ,<br><br>   Defendant. | Case No. 23-cv-06311-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS**<br><br>Re: Dkt. No. 27 |

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On July 14, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis*. Dkt. No. 16. Now pending before the Court is Defendant's motion to revoke Plaintiff's *in forma pauperis* status. Dkt. No. 27. Plaintiff has filed an opposition, Dkt. No. 30; and Defendant has filed a reply, Dkt. No. 31. For the reasons set forth below, the Court grants Defendant's motion to revoke Plaintiff's *in forma pauperis* status. Dkt. No. 27.

**DISCUSSION**

**I.   Procedural Background**

Plaintiff is currently incarcerated at Valley State Prison. On or about November 2, 2023, Plaintiff commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. The operative complaint was filed on or about December 29, 2023. Dkt. No. 9. On July 14, 2024, the Court granted Plaintiff leave to proceed *in forma* pauperis, Dkt. No. 16. That same day, the Court screening the operative complaint, stating as follows:

> The amended complaint is the operative complaint. The complaint names Salinas Valley State Prison correctional officer Gutierrez as a defendant. The complaint is hard to follow, with some of it written in sentence fragments. The complaint is confusing as to when the listed events happen. The events are not presented in chronological order, and it is unclear how much time elapsed between the various events. The complaint appears to

<div style="margin-left: 2em;">

make the following factual allegations. On June 27, 2014, Plaintiff was assaulted at Mule Creek State Prison. In or around 2015, Plaintiff filed Sekona v. Custino ("Custino"), regarding this assault. At some point, Plaintiff was transferred to Salinas Valley State Prison ("SVSP"). At SVSP, Plaintiff was housed in Cell No. 136 with a cellmate that smoked marijuana. The secondhand smoke generated by Plaintiff's cellmate caused Plaintiff to be sent to the hospital three times between April 2022 to June 2022 for blood "donix." Plaintiff was transferred to Cell No. 118. However, because Plaintiff and defendant Gutierrez were often engaged in verbal conflict and because defendant Gutierrez favors Latino inmates, defendant Gutierrez assigned a 300-lb inmate who also smoked marijuana as Plaintiff's cellmate for Cell No. 118 in order to harm Plaintiff. Plaintiff refused to be housed with the 300-lb inmate. When Plaintiff requested to be transferred to a safety cell, defendant Gutierrez denied the request because of his personal bias and because he is not fair. Plaintiff filed a grievance against defendant Gutierrez. In response, defendant Gutierrez issued Plaintiff a rules violation report for refusing the assigned cellmate. On or about December 4, 2022, Plaintiff prepared the final status report for Custino. On December 6, 2022, Plaintiff handed this status report to defendant Gutierrez to be mailed to the courts. Defendant Gutierrez signed for the legal mail but did not log the mail in the logbook. This legal mail never made it to the court, and Custino was dismissed for failing to file the required status report. Plaintiff alleges that defendant Gutierrez destroyed his legal mail. Plaintiff alleges that defendant Gutierrez's actions violate the First Amendment, the Eighth Amendment, and the Fourteenth Amendment.

    Liberally construed, the amended complaint's allegations that Plaintiff handed defendant Gutierrez legal mail on or about December 6, 2022; that defendant Gutierrez did not log the mail in the logbook; that the legal mail was never sent out and never reached the courts, and that Plaintiff's case was dismissed as a result states a cognizable First Amendment claim for denial of access to the courts and denial of his right to send out mail. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015) ("prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." (emphasis in original); *see id.* at 1103-04 (reversing district court and finding cognizable denial of access to courts claim based on prisoner's allegations that he was repeatedly transferred between different facilities in order to hinder his ability to litigate his pending civil lawsuits, prison officials seized and withheld all his legal files, and as a result of such actions several of his pending suits were dismissed); *see Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (prisoners enjoy First Amendment right to send and receive mail).

    However, the amended complaint fails to state claims for excessive punishment under the Eighth Amendment, or for denial of equal protection under the Fourteenth Amendment, or for retaliation under the First Amendment. Although the amended complaint lists constitutional provisions at the top of two of the claim pages, Dkt. No. 9 at 3, 5, the amended complaint either fails to identify what action violated the listed constitutional provisions, and/or relies on conclusory allegations. The Court dismisses these claims with leave to amend.

</div>

Dkt. No. 17 at 2-4 (footnote omitted). Plaintiff declined to file an amended complaint and elected to proceed solely on the claim that Salinas Valley State Prison officer Gutierrez denied Plaintiff his First Amendment rights to access the courts and send out mail when, on or about December 6, 2022, after Plaintiff handed defendant Gutierrez legal mail, defendant Gutierrez did not log Plaintiff's legal mail in the logbook; the legal mail never reached the courts; and Plaintiff's case was dismissed as a result. Dkt. No. 19.

**II.    Request for Judicial Notice (Dkt. No. 29)**

Defendant has requested that the Court take judicial notice of the following court dockets and records, which are attached as exhibits to their request for judicial notice ("RJN"):

RJN, Ex. A: PACER docket, Order to Grant IFP and Dismiss Complaint with Leave to Amend (ECF No. 7), Consent to Jurisdiction of Magistrate Judge (ECF No. 6), Order to Dismiss Action (ECF No. 10), and Judgment (ECF No. 11) in *Sekona v. Holowitz, et al.*, No. 2:16-cv-00608 (E.D. Cal. May 25, 2016);

RJN, Ex. B: PACER docket, Order to Grant IFP and Dismiss Complaint with Leave to Amend (ECF No. 9), Order adopting Findings and Recommendations (ECF No. 15), Order and Findings and Recommendations to Dismiss First Amended Complaint without Leave to Amend (ECF No. 19), Order adopting Findings and Recommendations (ECF No. 21), and Judgment (ECF No. 22) in *Sekona v. Bradley, et al.*, No. 2:17-cv-02484 (E.D. Cal. Jun. 14, 2019);

RJN, Ex. C: PACER docket, Order to Grant IFP (ECF No. 6), Order and Findings and Recommendations to Dismiss Complaint with Leave to Amend (ECF No. 10), Order and Findings and Recommendations to Dismiss First Amended Complaint without Leave to Amend (ECF No. 17), Order adopting Findings and Recommendations (ECF No. 21), and Judgment (ECF No. 22) in *Sekona v. Trujillo, et al.*, No. 1:19-cv-00399 (E.D. Cal. Dec. 7, 2020); and

RJN, Ex. D: PACER docket, Order to Grant IFP (ECF No. 6), Order and Findings and Recommendations to Dismiss Complaint with Leave to Amend (ECF No. 9), Order and Findings and Recommendations to Dismiss Action (ECF No. 30), Order adopting Findings and Recommendations (ECF No. 32), and Judgment (ECF No. 33) in *Sekona v. Lucas, et al.*, No. 1:19-cv-00454 (E.D. Cal. Nov. 1, 2021).

The Court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in Section 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status); *see also Rosales-Martinez v. Palmer*, 753 F.3d 890, 895

3

(9th Cir. 2014) ("It is well established that [federal courts] may take judicial notice of proceedings in other courts."). The Court therefore GRANTS Defendant's request for judicial notice. The exhibits to the RJN consist of court dockets and records reflecting Plaintiff's litigation history, which is relevant to whether Plaintiff may proceed *in forma pauperis*. The exhibits to the RJN are also undisputed matters of public record and therefore capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("court may take judicial notice of undisputed matters of public record, which may include court records available through PACER").

### III. Motion to Revoke Plaintiff's *In Forma Pauperis* Status (Dkt. No. 27)

#### A. Legal Standard

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) ("*Harris I*") (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. *Id.* at 674. For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance: The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ( "*Andrews I*"). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted).

4

When the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("*Harris II*").

"[R]epeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013). Complaints can run afoul of Rule 8(a) by (1) saying "too little," that is, by failing to meet the *Iqbal* pleading threshold, or (2) saying "too much." *Id.* at 1108-10. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges" and therefore can be properly dismissed under Rule 8. *McHenry v. Renne*, 84 F.3d 1179–80 (9th Cir. 1996).

A dismissal based on immunity does not constitute a strike because § 1915(g) omits the immunity language as a ground for a strike. *Harris I*, 935 F.3d at 675. There are rare cases where immunity may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim, or where immunity is so obvious that the suit is frivolous and dismissal counts as a strike. *Id.* at 676. "But these are exceptional cases where the affirmative defense is readily apparent without resort to any additional information outside the four corners of the complaint. Such will rarely be the case with immunity-based defenses." *Id.*; *see Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) (dismissal on basis of prosecutorial immunity for contents of government's appellate brief constituted strike).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews I*, 398 F.3d at 1121. A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. *Id.* at 1119 n.8.

A dismissal based solely on a finding that the plaintiff previously incurred at least three strikes, without any additional finding that the action is itself frivolous, malicious or fails to state a

5

1   claim, does not count as an additional strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d

2   1036, 1042 (9th Cir. 2016).

3         The plain language of the imminent danger clause in Section 1915(g) indicates that

4   "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v.*

5   *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at

6   some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of

7   prison at which danger allegedly existed may have mooted request for injunctive relief against

8   alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to

9   the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the

10  violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The

11  court "should not make an overly detailed inquiry into whether the allegations qualify for the

12  [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint

13  "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury'

14  at the time of filing." *Id*.

15        The Ninth Circuit requires that the prisoner be given notice of the potential applicability of

16  Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear

17  the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for

18  him. *Andrews I*, 398 F.3d at 1120. *Andrews I* implicitly allows the Court to *sua sponte* raise the

19  Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it

20  considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard

21  on the matter before dismissing the action. *Id.* A dismissal under Section 1915(g) means that a

22  prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the

23  prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

24      **B.**    **Parties' Arguments**

25        Defendant argues that Plaintiff's *in forma pauperis* status should be revoked pursuant to 28

26  U.S.C. § 1915(g) because he has filed four cases that were dismissed for failure to state a claim

27  and because he cannot establish in imminent danger of serious physical injury at the time that he

28  filed this action. Defendant identifies the following four cases as "strikes" within the meaning of

Section 1915(g): (1) *Sekona v. Holowitz, et al.*, No. 2:16-cv-00608 (E.D. Cal. May 25, 2016) ("*Holowtiz*"); (2) *Sekona v. Bradley, et al.*, No. 2:17-cv-02484 (E.D. Cal. Jun. 14, 2019) ("*Bradley*"); (3) *Sekona v. Trujillo, et al.*, No. 1:19-cv-00399 (E.D. Cal. Dec. 7, 2020) ("*Trujillo*"); and (4) *Sekona v. Lucas et al.*, No. 1:19-cv-00454 (E.D. Cal. Nov. 1, 2021) ("*Lucas*"). *See generally* Dkt. No. 27.

Plaintiff's opposition is hard to follow. He appears to allege that the cases are not strikes because he has satisfied his filing fee obligations in these cases and, in some cases, paid the filing fee more than once; that *Holowtiz* does not count as a strike because it was dismissed without prejudice for failure to file an amended complaint and that he was unable to file an amended complaint because he was housed in the Special Housing Unit ("SHU") and unable to access the courts; that *Bradley* should not count as a strike because it stated a claim against Bradley for corruption; that *Trujillo* should not count as a strike because it was dismissed because he was placed in SHU, which delayed his ability to receive his legal mail; that *Lucas* should not count as a strike because correctional officials conspired to interfere with Plaintiff's legal works; and that *in forma pauperis* status is governed by local rules which cannot override the federal Constitution and his cases have all stated cognizable claims for violation of his constitutional rights. *See generally* Dkt. No. 30.

**C.  Analysis**

**1.  Prior Strikes**

The Court has reviewed the four cases identified above by Defendant and find that *Holowitz*, *Bradley*, and *Lucas* constitute strikes within the meaning of 28 U.S.C. § 1915(g), as discussed in further detail below.

(1)  *Sekona v. Holowitz, et al.*, C No. 2:16-cv-00608 (E.D. Cal.). In *Holowitz*, Plaintiff sued Mule Creek State Prison doctor Holowitz and four correctional officers: Custino, Angle, Snow, and Charon. The complaint alleged that Plaintiff's head concussion worsened after a June 2014 assault; that he suffered from various medical conditions, including heart disease, head trauma, and aphasia; that he suffered a seizure in July 2014; and that doctor Holowtiz provided inadequate medical care. On April 11, 2016, the court dismissed the complaint for failure to state

a claim because (1) the complaint made no allegations regarding the four correctional officers; (2) it appeared that the portion of the suit suing the four correctional officers was duplicative of *Sekona v. Custino, et al.*, C No. 2:16- cv-517 CMK ("*Custino*"), in which Plaintiff was suing all four correctional officers regarding the alleged June 2014 assault; and (3) with respect to doctor Holowitz, the allegations in the complaint were so vague and conclusory that it failed to state a claim upon which relief can be granted. *Holowitz*, Dkt. No. 7 (Apr. 11, 2016). The court granted Plaintiff leave to file an amended complaint. *Id.* Plaintiff failed to file an amended complaint by the deadline provided, and the court dismissed the action without prejudice, and entered judgment against Plaintiff. *Holowtiz*, Dkt. Nos. 10, 11 (May 25, 2016). On June 16, 2016, after the case was closed, Plaintiff filed a pleading titled "Amended Complaint." *Holowitz*, Dkt. No. 13. Although labelled an amended complaint, the one-page pleading was not a complaint and was instead a request that the court separate *Sekona v. Custino, et al.*, C C No. 2:16- cv-517 CMK, from *Holowitz*; that the claims against Custino, Angle, Snow, and Charon in *Holowitz* were not duplicative of the claims brought in *Custino* because the claims in *Holowitz* were "failure to provide serious medical needs deliberate indifference, violation of constitution, and failure to protect serious harm." *Holowtiz*, Dkt. No. 13 (Jun. 16, 2016). On June 28, 2016, Plaintiff filed a three-page complaint on the court's complaint form. In this pleading, Plaintiff identified the defendant as doctor Holowitz and requested the following relief: "Money damaged relief. Injunction relief. Punishment and lawyer relief." The pleading had no factual allegations. *Holowitz*, Dkt. No. 14 (Jun. 28, 2016). That same day, Plaintiff also filed a response to the Court's dismissal, saying that he had sent out an amended complaint on or April 25, 2016, and did not receive the Court's dismissal until June 2016; that he had been placed in administrative segregation on April 3, 2016, and denied access to his legal papers ad to the law library; and that he needed legal advice as to how to proceed next. *Holowitz*, Dkt. No. 16 (Jun. 28, 2016). On November 17, 2016, the court informed Plaintiff that pleadings filed since the case was closed on May 25, 2016 would be disregarded and that no orders would be issued in response to future filings. The court further informed him that since the case had been dismissed without prejudice, he could assert the claims in a new civil rights action. *Holowitz*, Dkt. No. 22 (Nov. 17, 2016).

1    This case counts as a strike within the meaning of Section 1915(g) because it was
2 dismissed with leave to amend for failure to state a claim, and no amended complaint was filed.
3 *Harris II*, 863 F.3d at 1143 ("we hold that when (1) a district court dismisses a complaint on the
4 ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then
5 fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."). Plaintiff's
6 "amended complaints" filed after the closing date do not change the analysis, because it was
7 within the district court's inherent power to refuse to accept pleadings after the case was closed.
8 *Cf. Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (federal district courts
9 have "inherent power to control their docket"); *Patel v. Miller*, No. CV-19-0080 CBM (AFMx),
10 2021 WL 822845, at *1 (C.D. Cal. Feb. 4, 2021), *aff'd as modified sub nom*. *Anthony A. Patel,
11 Plaintiff-Appellant, v. Patricia Miller; et al.,* Defendants-Appellees., No. 21-55192, 2021 WL
12 2224373 (9th Cir. May 18, 2021). Moreover, the "amended complaints" did not cure any of the
13 deficiencies identified by the court in its order dismissing the complaint with leave to amend for
14 failure to state a claim. Neither amended complaint made further allegations against the named
15 defendants.

16    (2)    *Sekona v. Bradley, et al*., C No. 2:17-cv-02484 (E.D. Cal.). In *Bradley*, Plaintiff
17 sued Mule Creek State Prison correctional officers Bradley, Hang, and Santillan. Plaintiff alleged
18 that defendant Bradley retaliated against him and violated the Eighth Amendment when he (1)
19 ordered Plaintiff to submit a urine sample in December 2015 in retaliation for Plaintiff reporting
20 another inmate as a drug dealer and alcohol maker and for filing a lawsuit regarding an
21 undescribed June 27, 2014 incident; (2) issued a false rules violation report when Plaintiff did not
22 want to provide a urine sample; and (3) conducted a nude search of Plaintiff and had Plaintiff wait
23 for about 3 hours outside in 30-degree weather for his urine test. Plaintiff alleged that defendant
24 Hang was appointed Plaintiff's employee assistant for the administrative hearing for the RVR
25 issued by defendant Bradley but did not nothing to help Plaintiff, in violation of the due process
26 clause. Plaintiff alleged that defendant Santillan violated his right to due process when she found
27 him guilty of the RVR issued by defendant Bradley, refused to call any of his witnesses at the
28 hearing, and refused to delay the hearing. The court dismissed with prejudice the following due

process claims for failure to state a claim as a matter: (1) the due process claim against defendant Bradley for issuing a false RVR; and (2) the due process claim against defendant Santillan arising out of the failure to delay the hearing. The court dismissed defendant Hang with prejudice because court records indicated that this action was duplicative of C No. 2:17-cv-00346 KJM EFB, *Sekona v. Lizarraga*, in which Plaintiff had sued defendant Hang for failing to provide Plaintiff assistance at a December 2015 disciplinary hearing. The court dismissed the due process claim against defendant Santillan arising out of the failure to call witnesses because the allegation was vague and conclusory, but granted Plaintiff leave to amend this claim. The court dismissed the retaliation and Eighth Amendment claims against defendant Bradley because the allegations were too conclusory to be cognizable, but granted Plaintiff leave to amend these claims. *Bradley*, Dkt. No. 9 (May 23, 2018) (findings and recommendations); Dkt. No. 15 (Sept. 4, 2018) (order adopting findings and recommendations). Plaintiff filed a first amended complaint, which the court dismissed for failure to state a claim, finding that Plaintiff had failed to cure any of the deficiencies identified in the original complaint with respect to either Bradley or Santillan. The court dismissed the complaint with prejudice, finding that Plaintiff's failure to correct the deficiencies despite being given clear instructions and an opportunity to amend indicated that further opportunities to amend would be futile. *Bradley*, Dkt. No. 19 (Apr. 18, 2018) (findings and recommendations); Dkt. No. 21 (Jun. 14, 2019) (order adopting findings and recommendations).

This order counts as a strike pursuant to Section 1915(g) because the case was dismissed in its entirety for failure to state a claim. 28 U.S.C. § 1915(g).

(3) *Sekona v. Lucas et al.*, No. 1:19-cv-00454 (E.D. Cal.). In *Lucas*, Plaintiff sued Kern Valley State Prison correctional officers Lucas, Gonzales, Hancock, and Robles. On June 29, 2020, the court dismissed the complaint because (1) the complaint violated Fed. R. Civ. P. 8's requirement of a short and plain statement of the claim; (2) the complaint pursued damages claims against Defendants in their official capacities, which is barred by the Eleventh Amendment; (3) the complaint sought to hold some defendants liable based on their processing of his grievance, but involvement in processing a grievance does not state a cognizable Section 1983 claim, whether

10

for access to the courts or for a due process violation; (4) the complaint's claims relating to loss of personal property failed to state a due process claim as a matter of law; (5) the complaint's mail claim failed to state a claim because the complaint did not allege the requisite actual injury; (6) the due process claim arising out of Plaintiff's RVR hearing failed to state a claim because the subsequent placement in administrative segregation and related property and health problems did not implicate a liberty interest; (7) the equal protection claim failed as a matter of law because the complaint failed to plead facts indicating that he or other inmates who spoke English as a second language were purposely discriminated against for that reason by any of the defendants; (8) the retaliation claims failed as a matter of law because the allegations were conclusory and there were not allegations that Defendants took adverse action *because of* Plaintiff's First Amendment activity, as required for a First Amendment retaliation claim; (9) the state law claims failed to state cognizable Section 1983 claims as a matter of law because supplemental jurisdiction can only be exercised where there are cognizable federal claims and the complaint had not alleged any such claims; and (10) the mail claim failed to state a First Amendment violation as a matter of law because none of the correspondence was between Plaintiff and his attorney. The court granted Plaintiff leave to file an amended complaint to correct the identified deficiencies. *Lucas*, Dkt. No. 9 (Jun. 29, 2020). The court granted Plaintiff nine extensions of time to file an amended complaint. *Lucas*, Dkt. Nos. 11, 13, 15, 17, 19, 21, 23, 25, 27. On September 20, 2021, the court denied Plaintiff's tenth request for an extension of time to file the amended complaint because Plaintiff had already been granted "an excessive amount of time" – fourteen months – within which to file an amended complaint; Plaintiff proffered the same reasons for each request; and Plaintiff had been able to file a second amended complaint on April 21, 2021, in another one of his pending cases. *Lucas*, Dkt. No. 29 (Sept. 20, 2021). On November 1, 2021, the court dismissed this action without prejudice for failure to comply with the Court's Jun. 29, 2020 order to file an amended complaint that addressed the identified deficiencies. *Lucas*, Dkt. No. 32.

This case counts as a strike pursuant to Section 1915(g). *See Harris II*, 863 F.3d at 1142-43 (dismissal with leave to amend for failure to state claim constituted a strike, where plaintiff failed to amend so case was involuntarily dismissed under Fed. R. Civ. P. 41(b)).

Plaintiff's arguments misunderstand what constitutes a strike within the meaning of Section 1915(g). Section 1915(g) provides that a case constitutes a strike if was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The Ninth Circuit has further clarified that to be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim; and the phrase "fails to state a claim on which relief may be granted" parallels the language of Fed. R. Civ. P. 12(b)(6). *Harris I*, 935 F.3d at 674.

Plaintiff argues that these cases did not count as strikes because he paid the filing fee for these cases. However, neither a court's acceptance of the filing fee nor an inmate's payment of the filing fee nullifies a court's conclusion that the complaint failed to state a claim. The obligation to pay the filing fee is independent of whether the complaint states a claim. Any litigant who files a civil action in federal district court is required to pay a $350 filing fee and a $52 administrative fee. 28 U.S.C § 1914. Prisoners who are granted leave to proceed *in forma pauperis* need not pay the $52 administrative fee and need not pay the filing fee prior to commencing the action. *See* 28 U.S.C. § 1915(b)(1). *In forma pauperis* status allows the prisoner to pay the filing fee in installments, but does not excuse a prisoner from paying the full filing fee or otherwise waive the filing fee. *In forma pauperis* status waives the administrative fee for the prisoner; allows the prisoner to proceed with the action without paying the full filing fee prior to the commencement of the action; and allows the prisoner to fulfill his or her filing fee obligation in installments, as set forth in detail in 28 U.S.C. § 1915(b)(1). But the prisoner is still responsible for paying the full $350 filing fee.

Plaintiff appears to argue that some of these cases do not count as strikes because they were dismissed because he failed to file an amended complaint, and his inability to file an amended complaint was due to his confinement in SHU where he had no access to his legal papers, the law library, the mail, and writing supplies. The essence of this argument is that Plaintiff could have stated a cognizable claim if he had not been prevented from filing an amended complaint by prison officials, his housing placement, or the limitations of incarceration. The record disproves this argument. In *Holowitz*, Plaintiff filed amended complaints after the case was

1  dismissed, neither of which stated a claim for relief.  Even if the *Holowitz* court had reopened the
2  case and screened these two amended complaints, *Holowitz* would still have been dismissed for
3  failure to state a claim.  In *Bradley*, Plaintiff was able to file an amended complaint, but that
4  amended complaint failed to address the identified deficiencies in the initial complaint and also
5  failed to state a claim.  In *Lucas*, Plaintiff's inability to file an amended complaint was not due to
6  any limitations in prison, as he filed a second amended complaint in a different case during the
7  year he was given to file his amended complaint in *Lucas*.

Plaintiff also appears to argue that these cases were erroneously dismissed for failure to state a claim, and insists that these cases have all stated cognizable claims for violation of his constitutional rights.  The Court has reviewed these cases in detail, and finds no support for Plaintiff's claim that these cases were erroneously dismissed.

Plaintiff's claim that the rules governing in *forma pauperis* status are local rules which cannot override the federal Constitution is incorrect.  The law governing *in forma pauperis* status is a federal law, specifically 28 U.S.C. § 1915(g), and this federal law requires the denial of *in forma pauperis* status to prisoners who have brought three or more cases dismissed for failure to state a claim.  28 U.S.C. § 1915(g).

### 2. Imminent Danger Exception

Plaintiff does not allege that he was in imminent danger at the time he filed the complaint, and the operative complaint does not suggest that Plaintiff faced imminent danger of serious physical injury.  The operative complaint's factual allegations do not concern or suggest physical injury and concerns events that happened a year prior to this action being commenced.  The operative complaint alleges that, on December 6, 2022, Plaintiff handed defendant Gutierrez legal mail to be mailed out, but defendant Gutierrez did not log Plaintiff's legal mail in the logbook; the legal mail never reached the courts; and Plaintiff's case was dismissed as a result.  *See generally* Dkt. No. 9.

Accordingly, because Plaintiff has had three cases dismissed for failure to state a claim and was not in imminent danger of serious physical injury at the time he filed this complaint, 28 U.S.C. § 1915(g) requires the Court to REVOKE plaintiff's *in forma pauperis* status.

13

**IV.   Motion to Stay Dispositive Motion Deadline (Dkt. No. 28)**

Defendant requests that the Court stay the January 11, 2025 dispositive motion deadline pending the Court's resolution of Defendant's motion to revoke Plaintiff's in forma pauperis status. The Court GRANTS *nunc pro tunc* Defendant's request to stay the January 11, 2025 dispositive motion deadline. The Court VACATES the current briefing schedule. The Court shall set a briefing schedule after Plaintiff pays the filing fee in full.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court GRANTS Defendant's Request for Judicial Notice. Dkt. No. 29.

2. The Court GRANTS Defendant's request to revoke Plaintiff's *in forma pauperis* status. Dkt. No. 27. The Court REVOKES Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). Plaintiff may proceed with this action only if he pays the $402 filing and administrative fee in full. Plaintiff must pay the full filing and administrative fee within **twenty-eight (28) days** of the date of this order. If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to Plaintiff re-filing upon payment of the full filing fee.

3. The Court GRANTS *nunc pro tunc* Defendant's request to stay the January 11, 2025 dispositive motion deadline. Dkt. No. 28. The Court VACATES the current briefing schedule. The Court shall set a briefing schedule after Plaintiff pays the filing fee in full.

This order terminates Dkt. Nos. 27, 28, 29.

**IT IS SO ORDERED.**

Dated: 3/4/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge