UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>    Plaintiff,<br><br>v.<br><br>GUTIERREZ,<br><br>    Defendant. | Case No. 23-cv-06311-HSG<br><br>**ORDER DENYING REQUEST FOR REFUND OF FILING FEE PAYMENTS; DIRECTING PRISON TRUST ACCOUNT OFFICE TO CEASE DEDUCTING MONIES; AND DIRECTIONS TO CLERK**<br><br>Re: Dkt. No. 33 |

On or about December 4, 2023, Plaintiff, an inmate currently housed at Valley State Prison, filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") officer Gutierrez. On June 14, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis*; and directed the prison trust account office to deduct and forward to the Clerk of the Court the initial filing fee of $82.95, and to thereafter, on a monthly basis, deduct and forward to the Court 20 percent of the preceding month's income credited to the prisoner's trust account each time the balance exceeds ten dollars. Dkt. No. 16. On March 4, 2025, the Court granted Defendants' motion to revoke Plaintiff's *in forma pauperis* status, pursuant to 28 U.S.C. § 1915(g). Dkt. No. 32. Now pending before the Court is Plaintiff's request that the Court refund the balance of his court fee so that he can put it towards paying the filing fee in full. Dkt. No. 33. The Court DENIES Plaintiff's request as moot. The Court clarifies that Plaintiff need only pay the balance remaining on his filing fee, $ 187.05, and the administrative fee, $52.00, for a total of **$239.05**, in order to proceed with this action. As the monies already paid have been credited towards the filing fee, there is no need to return those monies to Plaintiff so that he may put them towards paying the filing fee in full. In addition, the Court ORDERS the prison trust account

office to CEASE deducting and forwarding monies from Plaintiff's trust account. Once *in forma pauperis* status is revoked, courts may no longer collect payments from the plaintiff-prisoner. *See Meyers v. Birdsong*, 83 F.4th 1157, 1160-61 (9th Cir. 2023) (Section 1915 "does not authorize or require the collection of fees from a prisoner who is ineligible for IFP status under subsection (g)"); *see also Spencer v. Milan*, C No. 1:20-cv-00682 JLT GSA (PC), 2024 WL 3793441, at *2-*4 (E.D. Cal. Aug. 13, 2024) ("once [prisoner-]Plaintiff's *in forma pauperis* status had been revoked . . . the continued debiting of his trust account fund should have ceased").

In sum, the Court orders as follows.

1. The Court DENIES as moot Plaintiff's request to refund the portion of the filing fee already paid. Dkt. No. 33.

2. The Court clarifies the deadline set forth in the Court's March 3, 2025 Order. By April 2, 2025, Plaintiff must pay the remainder of the full filing and administrative fee **- $239.05 -** in order to proceed with this action. If the full filing fee is not received by this date, the Court will dismiss this action without prejudice.

3. The Court ORDERS the prison trust account office to CEASE deducting and forwarding monies from Plaintiff's trust account.

4. The Clerk is directed to send a copy of this order to Plaintiff via United States postal mail; to the correctional facility's trust account office via electronic mail at trusthelpdesk@cdcr.ca.gov; and to the Court's financial office via electronic mail at CAND_Finance@cand.uscourts.gov.

This order terminates Dkt. No. 33.

**IT IS SO ORDERED.**

Dated:  3/17/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge