UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ETUATE SEKONA,

            Plaintiff,

    v.

GUTIERREZ,

            Defendant.

Case No. 23-cv-06311-HSG

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING LEAVE TO AMEND FIRST AMENDMENT MAIL CLAIM**

Re: Dkt. No. 51

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Salinas Valley State Prison correctional deputy Gutierrez denied him his First Amendment right to access the courts and to send out mail. Dkt. Nos. 1, 17. Defendant Gutierrez has filed a motion for judgment on the pleadings. Dkt. No. 51. Plaintiff has filed an opposition, Dkt. No. 52, and defendant Gutierrez has filed a reply, Dkt. No. 53. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART defendant Gutierrez's motion for judgment on the pleadings. Dkt. No. 51.

**BACKGROUND**

**I.     Complaint**

The operative complaint makes the following allegations.

During the relevant time period, Plaintiff was housed at Salinas Valley State Prison ("SVSP"). In December 2022, a status report was due from Plaintiff in a case he had filed, *Sekona v. Custino* ("*Custino*"). Plaintiff prepared this status report in early December 2022. On December 6, 2022, defendant SVSP officer Gutierrez collected the status report from Plaintiff's cell door for mailing. Defendant Gutierrez did not log the status report in the legal mail logbook.

Very suspiciously, two weeks prior, defendant Gutierrez had taken away the mail bag. The prison mail logs show no record of Plaintiff's December 2022 status report. The *Custino* court did not receive a status report from Plaintiff and dismissed his case as a result. *See generally* Dkt. No. 9.

**II.    Sekona v. Custino, C No. 2:16-cv-00517 TLH DMC (E.D. Cal.).**

Plaintiff filed *Custino* on or about March 10, 2016 in the Eastern District of California. By 2019, the only remaining claim in *Custino* was Plaintiff's claim that Mule Creek State Prison correctional officer Custino had been deliberately indifferent to Plaintiff's safety, in violation of the Eighth Amendment. *Custino*, Dkt. Nos. 139, 140.

On January 20, 2020, the *Custino* court ordered the parties to file separate status reports indicating their readiness for trial. *Custino*, Dkt. No. 144. The parties both filed status reports, but officer Custino also filed a motion for judgment on the pleadings based on res judicata. *Custino*, Dkt. Nos. 152, 154, 157. On December 28, 2020, the motion for judgment on the pleadings was denied. *Custino*, Dkt. No. 166.

On September 9, 2021, the *Custino* court again ordered the parties to file separate status reports indicating their readiness for trial. *Custino*, Dkt. No. 169. On October 12, 2021, Plaintiff filed a status report. *Custino*, Dkt. No. 172.

In November 2021, Officer Custino requested terminating sanctions against Plaintiff and received an extension of time to file his status report after the court ruled on the request for sanctions. *Custino*, Dkt. Nos. 178, 182. In September 2022, the *Custino* court denied the request for terminating sanctions, and Officer Custino filed his status report in October 2022. *Custino*, Dkt. Nos. 204, 205.

On November 15, 2022, the *Custino* court ordered Plaintiff to file his status report by December 15, 2022. *Custino*, Dkt. No. 208. The *Custino* court did not receive a status report from Plaintiff by the December 15, 2022 deadline.

On January 5, 2023, Magistrate Judge Cota issued a report and recommendation, recommending that the action be dismissed due to Plaintiff's failure to timely file a status report. *Custino*, Dkt. No. 209. Plaintiff filed objections to this recommendation, stating that he had filed three status reports, including one which he had sent to the court on December 4, 2022. *Custino*,

Dkt. No. 210.

On May 11, 2023, the *Custino* court adopted the January 5, 2023 report and recommendation, and dismissed the action without prejudice for failure to prosecute and for failure to comply with court rules and orders. *Custino*, Dkt. No. 214.

On June 5, 2023, Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals. *Custino*, Dkt. No. 217.

On or about December 4, 2023, while Plaintiff's appeal was pending, Plaintiff filed this action.

On September 23, 2024, the Ninth Circuit reversed the dismissal, finding that the *Custino* court erred in finding that Plaintiff failed to file the required pretrial status report because the district court failed to address Plaintiff's November 7, 2022 filing and Plaintiff's claim that he had tried to file a status report in December 2022 and evidence supporting this claim. *Custino*, Dkt. No. 224.

Pursuant to the Ninth Circuit's remand, the *Custino* court reopened that case. On May 29, 2025, the parties reached a settlement, and on June 30, 2025, the parties filed a notice of voluntary dismissal. *Custino*, Dkt. Nos. 249, 250.

**DISCUSSION**

**I.      Request for Judicial Notice (Dkt. No. 51-1)**

The Court GRANTS defendant Gutierrez's request for judicial notice of the online docket sheet in *Sekona v. Custino*, C No. 2:16-cv-00517 DMC (E.D. Cal.) because the docket has a direct relation to the matters at issue and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.") (internal quotation marks and citation omitted); Fed. R. Evid. 201(b). The Court takes judicial notice of the existence of the docket and the existence of the pleadings in the docket, but not the truth of the contents of the dockets or the pleadings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) ("On a Rule 12(b)(6) motion to

United States District Court
Northern District of California

dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'") (citing to *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)).

## II.      Motion for Judgment on the Pleadings

### A.      Legal Standard for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The legal standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is "functionally identical" to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Thus, the issue presented by a Fed. R. Civ. P. 12(c) motion is whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief.  *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 & n. 4 (9th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In evaluating a motion for judgment on the pleadings, the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

### B.      Access to the Courts Claim

#### 1.      Legal Standard

Prisoners have a right under the First Amendment to litigate claims challenging their conditions of confinement to conclusion without active interference by prison officials.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds as recognized in Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015) (emphasis in original).  A prisoner's constitutional right to litigate without interference forbids states from erecting barriers that impede

4

the right of access of incarcerated persons. *Id.* The right to access the courts without undue interference extends beyond the pleading stages. *Id.* To establish a claim for any violation of the right of access to the courts, the prisoner must prove that the violation caused him an actual injury by hindering his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). A prisoner has alleged an actual injury if, as a result of the defendants' alleged actions, his pending suit was dismissed. *See Silva*, 658 F.3d at 1103-04. Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Nev. Dep't of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 349). It is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.

### 2. Analysis

Defendant Gutierrez argues that he is entitled to judgment on the pleadings on the access to the courts claim because Plaintiff cannot show actual injury arising from defendant Gutierrez's alleged conduct. Defendant Gutierrez argues that the injury was remedied when the Ninth Circuit overturned the *Custino* court's dismissal of that case, which allowed Plaintiff to pursue his claim. Dkt. No. 51 at 3-4. Plaintiff argues that he suffered actual injury because the two-and-a-half year delay in prosecuting this case forced him to settle for a lower amount than he would otherwise have recovered. Plaintiff states that Officer Custino is over eighty, sick, and in poor health, and could have died while Plaintiff was waiting for his case to be reopened, which would have denied Plaintiff the ability to obtain any relief for the violation of his rights. In addition, Plaintiff was concerned about witness unavailability due to the delay. Because of these concerns, Plaintiff settled for $25,000 when he had originally sought $1.25 million in damages. *See generally* Dkt. No. 52.

Accepting all factual allegations in the complaint as true and construing them in the light most favorable to Plaintiff and taking into account the judicially-noticed *Custino* docket, the Court finds that defendant Gutierrez is entitled to judgment on the pleadings on the access to the courts claim. The injury suffered by Plaintiff was the dismissal of *Custino* in May 2023. This injury

ceased to exist once the Ninth Circuit reversed the dismissal in September 2024. *See Reyes v. Washburn*, No. 2:21-CV-01175-SB, 2023 WL 9470076, at *5 (D. Or. Oct. 31, 2023), *report and recommendation adopted*, No. 2:21-CV-01175-SB, 2024 WL 343481 (D. Or. Jan. 30, 2024) (no actual injury where judge withdrew dismissal resulting from failure to file amended complaint by deadline and considered amended complaint on merits: "because Chief Judge Hernández withdrew the order of dismissal resulting from Reyes' missed deadline and considered Reyes' late-filed amended complaint on the merits, the Court concludes that Reyes has not sufficiently alleged that the law library's closure frustrated or impeded a nonfrivolous legal claim"); *Patterson v. Forbes*, No. 2:18-cv-2588-WBS-DMC (PC), 2019 WL 2994498, at *3 (E.D. Cal. July 9, 2019), *findings and recommendations adopted*, 2019 WL 4302278 (E.D. Cal. Sept. 11, 2019) ("Though it is clear that during the period in which Plaintiff's complaint was dismissed an actual injury existed, once the case was re-opened any potential injury disappeared."). Plaintiff claims that his actual injury was the delay caused by the May 2023 dismissal, which forced him to settle for a lower amount than he would otherwise have agreed to, or recovered. However, this claim was not made in the complaint and therefore cannot defeat a motion for judgment on the pleadings. Nor is this claim a basis for granting Plaintiff leave to file an amended complaint. *Custino* was filed in March 2016, so the bulk of the delay in resolving *Custino* happened prior to the loss of the December 2022 status report. Assuming arguendo that Plaintiff could have recovered more than $25,000 if the case had proceeded to trial or settlement earlier, the one-and-a-half-year delay caused by the appeal cannot plausibly be the cause of the reduced settlement given that the case had already been pending for six years prior to the status report being lost. In addition, Plaintiff's claim that he could have recovered more than $25,000 if his status report had not been lost is entirely speculative. The Court therefore GRANTS defendant Gutierrez's request for judgment on the pleadings with respect to the access to the courts claim and DISMISSES the access to the courts claim with prejudice.

//

//

//

6

United States District Court
Northern District of California

### C.     Mail Claim

#### 1.     Legal Standard

Prisoners enjoy a First Amendment right to send and receive mail.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Isolated incidents of mail interference without any evidence of tampering or improper motive do not give rise to a constitutional violation, however.  *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("While a prisoner has a right to be present when his legal mail is opened . . ., an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) ("isolated, inadvertent instance of opening incoming confidential legal mail . . . without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation") (alteration in original, quotation marks and internal citation omitted); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) ("an isolated incident [of opening one piece of legal mail by accident] . . . without any evidence of improper motive or resulting interference with Smith's right to counsel or to access to the courts, does not give rise to a constitutional violation."); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) (isolated incident of mail mishandling insufficient to state claim under Section 1983) ("an isolated instance of failure to protect a prisoner's rights" does not, by itself, give rise to constitutional violation).

#### 2.     Analysis

Defendant Gutierrez argues that he is entitled to judgment on the pleadings on the mail claim because Plaintiff has, at most, alleged only an isolated instance of failing to send out mail; the vague statement that defendant Gutierrez's conduct was "suspicious" is not an allegation of tampering or improper motive; and the docket in *Custino* demonstrates that Plaintiff was able to communicate extensively with both the court and opposing counsel to effectively litigate that case. Dkt. No. 51 at 4-5.  Plaintiff argues that the manner in which *Custino* has been handled shows a pattern of prison officials obstructing Plaintiff's attempts to obtain relief there, and that defendant Gutierrez is part of the Green Wall gang.  Plaintiff further argues that defendant Gutierrez is suspicious because he took away the mail bag two or three weeks prior to December 6, 2023 and

failed to log the December 6, 2023 status report in the legal mail logbook, and contends that these two incidents are proof that defendant Gutierrez intended to prevent Plaintiff from accessing the courts.  *See generally* Dkt. No. 52.

For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART defendant Gutierrez's request for judgment on the pleadings with respect to the mail claim.  The Court DISMISSES the First Amendment mail claim for failure to state a claim, but GRANTS Plaintiff leave to amend the claim.

Accepting all factual allegations in the complaint as true and construing them in the light most favorable to Plaintiff, and taking into account the judicially-noticed *Custino* docket, the Court finds that defendant Gutierrez is entitled to dismissal of the First Amendment mail claim.  According to the *Custino* docket, outside of the December 2023 status report, Plaintiff was able to regularly send out legal mail related to that case.  The complaint's allegations that defendant Gutierrez deliberately lost the status report as part of a conspiracy with Custino's counsel and Custino to prevent Plaintiff from obtaining relief is implausible.  It therefore cannot be reasonably inferred from the complaint's allegations that defendant Gutierrez had an improper motive or sought to tamper with Plaintiff's mail, when he failed to mail out the December 2023 status report.  Given the *Custino* docket, even as alleged the failure to send out the December 2023 status report was an isolated incident and therefore fails to state a cognizable claim for denial of Plaintiff's First Amendment right to send out mail.  *See, e.g., Muhammad v. Mendez*, No. 23-CV-00789-AMO (PR), 2024 WL 4294651, at *4 (N.D. Cal. Sept. 24, 2024) ("But a temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights."); *Maestas v. C.S.A.T.F. Mail Room*, No. 1:23-CV-00569 EPG (PC), 2023 WL 3505633, at *4 (E.D. Cal. May 17, 2023), *report and recommendation adopted*, No. 1:23-CV-00569 JLT EPG (PC), 2023 WL 4109944 (E.D. Cal. June 21, 2023) ("The Court also notes that isolated incidents of delay of mail or tampering with mail will generally not support a claim under section 1983 for violation of a plaintiff's constitutional rights."); *Martinez v. Patton*, No. 18-CV-03480-JCS (PR), 2019 WL 3997484, at *4 (N.D. Cal. Aug. 23, 2019) ("An isolated incident of mail mishandling or mail delay is insufficient to state a claim under section 1983."); *Steward v. Gillson*, No. 18-CV-02152-

RS (PR), 2019 WL 1411227, at *1 (N.D. Cal. Mar. 28, 2019) ("An isolated incident of mail mishandling or mail delay is insufficient to state a claim under section 1983."); *Chatman v. Solano Cnty. Jail*, No. CIV-S-04-2655 MCE GGH P, 2006 WL 947699, at *2 (E.D. Cal. Apr. 12, 2006) ("More importantly, an isolated incident of delay in the delivery of mail does not state a colorable First Amendment claim."); *Finley v. Kernan*, No. S-06-0157 LKK GGH P, 2006 WL 929453, at *2 (E.D. Cal. Apr. 11, 2006) ("An isolated incident of delay in the delivery of mail does not state a colorable First Amendment claim."). However, in the interests of justice, the Court GRANTS Plaintiff leave to amend his First Amendment mail claim, if he can truthfully allege facts that would support a cognizable claim and remedy the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows.

1. The Court GRANTS IN PART AND DENIES IN PART defendant Gutierrez's motion for judgment on the pleadings. Dkt. No. 51. The Court GRANTS judgment on the pleadings in favor of defendant Gutierrez on the First Amendment retaliation claim; and DISMISSES the First Amendment retaliation claim with prejudice. The Court DENIES judgment on the pleadings with respect to the First Amendment mail claim. The Court DISMISSES the First Amendment mail claim for failure to state a claim, but GRANTS Plaintiff leave to amend this claim.

2. If Plaintiff wishes to amend his First Amendment mail claim, he shall file an amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-06311 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff may not replead claims that have been dismissed with

United States District Court
Northern District of California

prejudice.  Failure to file an amended complaint in accordance with this order in the time provided may result in dismissal of this action without further notice to Plaintiff for failure to state a claim and/or failure to obey a court order.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates Dkt. No. 51.

**IT IS SO ORDERED.**

Dated:   6/2/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California