United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ETUATE SEKONA,
Plaintiff,
v.
GUTIERREZ,
Defendant.

Case No. 23-cv-06311-HSG

**ORDER OF DISMISSAL**

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's second amended complaint. Dkt. No. 55.

**DISCUSSION**

**I. Procedural Background**

Plaintiff commenced this action on or about December 4, 2023, when he filed a *pro se* civil rights complaint in the Eastern District of California. Dkt. No. 1. On December 5, 2023, the Eastern District ordered that the action be transferred to this district. Dkt. No. 3. On December 29, 2023, Plaintiff filed a first amended complaint, which different from the initial complaint in only one aspect – the relevant date was corrected to December 6, 2022 in the first amended complaint. *Compare* Dkt. No. 1 at 3 with Dkt. No. 9 at 3.

On June 14, 2024, the Court screened Plaintiff's first amended complaint. The Court noted that the complaint was hard to follow, with some of it written in sentence fragments, and was confusing as to when events happened. The Court found that the first amended complaint's allegations that on or about December 6, 2022, Plaintiff handed legal mail to Salinas Valley State Prison correctional officer Gutierrez; defendant Gutierrez did not log the mail in the logbook; the legal mail was never sent out and never reached the courts, and Plaintiff's case was dismissed as a

result stated a cognizable First Amendment claim for denial of access to the courts and denial of Plaintiff's First Amendment right to send out mail. Dkt. No. 17 at 3. The Court found that the remaining claims failed to state a cognizable claim for relief, and granted Plaintiff leave to amend the claims to remedy identified deficiencies. Dkt. No. 17 at 4-6. The Court ordered service on defendant Gutierrez. Dkt. No. 17. Plaintiff elected to proceed solely on the First Amendment claims and declined to amend the other claims. Dkt. No. 19.

On June 2, 2026, the Court granted in part and denied in part defendant Gutierrez's request for judgment on the pleadings. The Court granted defendant Gutierrez's request for judgment on the pleadings with respect to the access to the courts claim because the injury suffered – dismissal of *Sekona v. Custino*, C No. 2:16-cv-00517 TLH DMC (E.D. Cal.) ("*Custino*"), due to the status report not being sent out – ceased to exist once the once the Ninth Circuit reversed the dismissal in September 2024. The Court dismissed the access to the courts claim with prejudice. The Court granted defendant Gutierrez's request for judgment on the pleadings with respect to the mail claim as follows:

> Accepting all factual allegations in the complaint as true and construing them in the light most favorable to Plaintiff, and taking into account the judicially-noticed *Custino* docket, the Court finds that defendant Gutierrez is entitled to dismissal of the First Amendment mail claim. According to the *Custino* docket, outside of the December 2023 status report, Plaintiff was able to regularly send out legal mail related to that case. The complaint's allegations that defendant Gutierrez deliberately lost the status report as part of a conspiracy with Custino's counsel and Custino to prevent Plaintiff from obtaining relief is implausible. It therefore cannot be reasonably inferred from the complaint's allegations that defendant Gutierrez had an improper motive or sought to tamper with Plaintiff's mail, when he failed to mail out the December 2023 status report. Given the *Custino* docket, even as alleged the failure to send out the December 2023 status report was an isolated incident and therefore fails to state a cognizable claim for denial of Plaintiff's First Amendment right to send out mail.

Dkt. No. 54 at 8-9. In the interests of justice, the Court granted Plaintiff leave to amend his First Amendment mail claim. *Id.*

Plaintiff timely filed a second amended complaint. Dkt. No. 55.

## II. Screening Second Amended Complaint (Dkt. No. 55)

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

United States District Court
Northern District of California

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. Id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Second Amended Complaint**

The second amended complaint makes the following allegations. On December 6, 2022, Plaintiff placed his *Custino* status report in a manila envelope and handed it to defendant Gutierrez for mailing. Defendant Gutierrez did not mail out the status report and did not log the status report on the mail logs because defendant Gutierrez "had an improper motive or sought to tamper with Plaintiff's mail. Dkt. No. 55 at 2, 4. Because the status report was not received by the *Custino* court, *Custino* was dismissed and Plaintiff "lost[ his] rights to freely exit to the court on time . . . caused a damages to [Plaintiff's] continue of my case, lost[] time money to refiled appeal and too long." Dkt. No. 55 at 3. Judges are needed to stop "bad" correctional officials from obstructing inmates' access to the courts. *See generally* Dkt. No. 55.

//

**C. Dismissal with Prejudice**

The second amended complaint fails to state a cognizable First Amendment mail claim. Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). However, isolated incidents of mail interference without any evidence of tampering or improper motive do not give rise to a constitutional violation. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("While a prisoner has a right to be present when his legal mail is opened . . ., an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) ("isolated, inadvertent instance of opening incoming confidential legal mail . . . without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation") (alteration in original, quotation marks and internal citation omitted); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) ("an isolated incident [of opening one piece of legal mail by accident] . . . without any evidence of improper motive or resulting interference with Smith's right to counsel or to access to the courts, does not give rise to a constitutional violation."); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) (isolated incident of mail mishandling insufficient to state claim under Section 1983) ("an isolated instance of failure to protect a prisoner's rights" does not, by itself, give rise to constitutional violation). The second amended complaint fails to remedy the deficiencies identified in the Court's June 2, 2026 Order. Plaintiff again alleges a single, isolated instance of mail tampering, and again proffers only a conclusory statement that defendant Gutierrez had an improper motive. This naked assertion of improper motive is devoid of further factual enhancement and therefore insufficient to state a cognizable First Amendment mail claim. Plaintiff's remaining factual allegations in the second amended complaint repeat the access to the courts claim which the Court has already dismissed with prejudice.

The Court DISMISSES the First Amendment mail claim with prejudice as Plaintiff has previously been granted leave to amend his complaint to cure deficiencies identified by the court and has failed to cure the deficiencies. *See, e.g., Zucco Partners, LLC v. Digimarc Corp.*, 552

F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES this action with prejudice. Judgment is entered in favor of Defendant and against Plaintiff. The Clerk shall terminate all pending motions as moot and close the case.

**IT IS SO ORDERED.**

Dated: 10/21/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California